**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1699-18T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RON D. SANDERS, a/k/a
TRYSHAWN RACCO, DESMOND
MADISON, DESMOND MASISON,
DARELL NELSON, ZYRON
NELSON, JASMIRE NELSON,
DYRELL OVERTON, ROGEA
OVERTON, DESMOND PARHAM,
TARIQ PARHAM, RON SANDER,
TRISHAWN SANDERS, and ZYRON
SANDERS,

    Defendant-Appellant.

_____

Submitted October 22, 2019 – Decided October 29, 2019

Before Judges Fisher and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 13-12-1011.

Joseph E. Krakora, Public Defender, attorney for appellant (Rochelle Mareka Amelia Watson, Deputy Public Defender II, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Adam David Klein, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

We are asked in this appeal to consider the constitutionality of a search of a residence when only one of two occupants consents. In such instances, constitutional benchmarks have been established. In <u>Georgia v. Rudolph</u>, 547 U.S. 103, 121 (2006), the Court held that when "a potential defendant with self-interest in objecting is in fact at the door and objects, the co-tenant's permission does not suffice for a reasonable search." In a later case, the Court determined that a lawfully arrested and detained co-occupant stands in the same place as an absent occupant. <u>Fernandez v. California</u>, 571 U.S. 292, 303 (2014).[1] Guided by these principles, we examine whether police were obligated to seek the

---

[1] Our Supreme Court, in <u>State v. Coles</u>, 218 N.J. 322, 338 (2014), restated these principles, concluding that "when faced with the circumstances of a present and objecting co-occupant, it is objectively unreasonable for police to rely on the consenting occupant." The Court then also held that "police responsibility for [an] unlawful detention or removal of a tenant who was prevented from being present at the scene to voice [an] objection to the search is not equivalent to other neutral circumstances causing the defendant's absence." <u>Id.</u> at 340.

A-1699-18T3

consent of defendant, who was arrested and detained but physically nearby; we also consider whether defendant actually objected to the search.

This is not the first time we have reviewed the denial of defendant's motion to suppress evidence seized from a residence he shared with M.P. In an earlier appeal, we expressed uncertainty about the trial judge's determination that M.P.'s consent was sufficient "because of the lack of findings about the impact of the principles outlined" in Randolph and Coles and, so, we remanded "for further findings." State v. Sanders, No. A-2431-16 (App. Div. Mar. 16, 2018) (slip op. at 2). In expounding on the information critical to the determination, we stated that the record largely revealed only that defendant was arrested and seated in a police car outside his apartment building – apparently at the same time police requested and obtained M.P.'s consent to search. The record did "not reveal whether defendant was asked for consent or given an opportunity to object," nor "whether defendant actually objected" from his nearby location. Id. at 5.

Following our remand, the trial judge heard the testimony of both the arresting officer and defendant. The judge found the officer credible when he testified that defendant was arrested outside the apartment and seated in a patrol car when consent was sought from M.P.; it was also confirmed that the police

did not seek defendant's consent. The judge found as well that defendant was not credible when he asserted that he objected by telling the police at that time "not [to] go in [his] apartment."

In light of the constitutional framework described above, we conclude that the search was lawful without defendant's consent because, having been <u>lawfully</u> arrested and detained – there being no argument that the arrest or detention was unlawful – defendant was, for the purpose of securing consent, absent from the scene. <u>Fernandez</u>, 571 U.S. at 303; <u>Coles</u>, 218 N.J. at 340. Police had no obligation in this situation to seek defendant's consent. And, based on credibility findings, the judge determined that defendant did not in fact object to the search of his residence.

The judge's fact findings, which are entitled to our deference, <u>State v. Robinson</u>, 200 N.J. 1, 15 (2008), support the conclusion that the police acted reasonably in these circumstances when seeking only M.P.'s consent to search the residence. We, thus, affirm the order denying defendant's suppression motion.

In deciding the earlier appeal, we expressly declined to consider defendant's argument that the sentence imposed was excessive. <u>Sanders</u>, slip op. at 2. Following the denial of his suppression motion, defendant entered into

4

a plea agreement and pleaded guilty in one indictment to: third-degree distribution of a controlled dangerous substance (CDS), heroin, N.J.S.A. 2C:35-7; third-degree CDS possession with the intent to distribute, N.J.S.A. 2C:35-5(a)(1) and -5(b)(3); and second-degree eluding, N.J.S.A. 2C:29-2(b). The judge sentenced defendant on the first of these convictions to an eight-year prison term, subject to a forty-two-month period of parole ineligibility, and a concurrent five-year prison term on the eluding conviction; on the other CDS conviction, the judge imposed a seven-year prison term, which was ordered to run consecutively to the eight-year term. Pursuant to the plea agreement, as to another indictment, defendant also pleaded guilty to third-degree CDS possession with the intent to distribute, N.J.S.A. 2C:35-5(a)(1) and -5(b)(3), and on that conviction, the judge imposed a five-year term, concurrent to the aggregate sentence imposed in the other indictment. In imposing these prison terms, the judge found aggravating factors three, six, and nine, N.J.S.A. 2C:44-1(a)(3), (6), (9), and no mitigating factors.

In his appeal, defendant contends that the sentence was excessive because the judge failed to find and apply mitigating factors that apply when imprisonment would cause hardship to the defendant or dependents, N.J.S.A. 2C:44-1(b)(11), and when the defendant has substantially cooperated with law

A-1699-18T3

enforcement, N.J.S.A. 2C:44-1(b)(12). We find insufficient merit in defendant's arguments about his sentence to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1699-18T3